Opinion of the Court, by
Judge Mills.
Lewis Craig, in the month of May 1804, purchased a part of a tract of land patented in the name of Thomas Marshall, usually called Kennedy’s Bounty Tract, and received a conveyance therefor, and executed his bonds for the purchase money, with John and Whitfield Craig, his two sons, and a certain Thomas Tureman and David Chiles, as his securities. At the time he made the purchase aforesaid, he executed to his said securities, or rather to his two sons and Tureman, a bond of indemnity against their securityship, in which he bound himself to pay them the whole purchase money, or to pay it to the vender of the land, on or before the day it fell due; or, in case of failure, he stipulated to “ make over to said securities, to occupy and enjoy,” all the land he had purchased, “ with his chance of the same; and on his paying up to them the purchase money, the land was to revert to him.” The land so purchased was, at the time, covered by an entry, *286 survey and patent of 18,000 acres in the name of George Evans, the entry of which was supposed to be special, but the patent was posterior in date to that of Marshall, called Kennedy’s Bounty. About the same time of this purchase, he and the person from whom he purchased Kennedy’s Bounty, entered into a compromise with the holder of Evans’ claim, by which the parties agreed to divide the interference by certain metes and bounds, as stipulated in an article of agreement between the parties; so that Craig was to convey to the holder of Evans’ claim part of Kennedy’s Bounty, and to receive a conveyance of Evans’ claim to the residue. Possessing the claims in this situation, on the 10th of October 1804, he sold 180 acres, part of that part of Kennedy’s Bounty on which he was to receive Evans’ claim, to Nathan Sidwell, the appellee, at a fair price, and received the payment. On the 16th of September 1807, he conveyed to Sidwell the tract, having given his bond obliging himself to convey when Sidwell made the payment.
On that fact appearing, the complainant may, if he pleases, make the prior grantee a defendant; but the law does not require it, nor can the defendant compel him so to do; he may take a decree for a deed, & proceed against the defendant on the warranty of that deed.
Sidwell exhibited this bill, stating some of the foregoing facts, and alleging that at the time he made the purchase and received the conveyance bond, Craig represented to him that he had both claims, and that, on the faith of these assurances, and in the expectation of procuring both, he made the purchase; that John and Whitfield Craig, sons of Lewis, were present when he first made the bargain and obtained his bond, and that they aided in the negotiation and consented thereto; that Whitfield drew the conveyance bond, and that both John and Whitfield received a part of the payment; but that Lewis Craig, when he made the conveyance, had not received the conveyance of Evans’ title, and that since, he had discovered that the said Lewis, John and Whitfield had so contrived to defraud him, as to procure the conveyance of Evans’ title to be made to the said John and Whitfield, who refused to convey to him, and threatened to assert the title to recover the land from him. He further alleges, that Lewis Craig’s title to Kennedy’s Bounty was defective when Craig conveyed to him, and that since that period the said Lewis Craig had got the title complete; and he prays a conveyance from Lewis, as well as against John and Whitfield, of Evans’ claim, and for general relief.
*287 To this bill Lewis Craig made no answer. John and Whitfield do not controvert their full knowledge of the state of the title, and admit their presence at the sale from Lewis Craig to the appellee, and admit the reception of a small part of the purchase money; but allege that it was in discharge of a debt due to them from Lewis, their father. They set up the bond given by their father to them and Tureman as securities, and acknowledge that they have since acquired the title from the proper holder; and they further allege, that at the time the appellee purchased from Lewis Craig, they informed him of their equity by virtue of the bond of their father to them as securities, and that they refused to become security for their father in his contract with the appellee, on that account. They insist that their equity is prior, and that Sidwell was informed of it, and purchased in his own wrong, of their father, in the face of their better equity. They also deny that the land conveyed by Lewis Craig to the appellee in 1807, is the same that is described in the bond given to him by Lewis Craig in 1804.
The court below decreed a conveyance against the defendants, according to the original deed of Lewis Craig; and from this decree the defendants below have appealed.
There is not the least difficulty in deciding that the land conveyed by Lewis Craig to Sidwell, in 1807, is the same sold to him by bond in 1804, and in no respect different. It is in proof, that it was surveyed by the appellant, Whitfield Craig himself, previous to the execution of the bond in 1804; and although the bond does not call for the metes and bounds, yet it is evident the land intended by it was that which had been previously fixed by survey, and which was afterwards conveyed. There is, of course, no ground for the contest in the answer, that the land is not the same.
There is also no pretence for saying that Sidwell, the appellee, was in any manner informed of the bond which Lewis Craig had given to his securities, John and Whitfield Craig, at the time he, Sidwell, made his purchase. The defendants have wholly failed to prove that they communicated this fact to him, and there is strong negative proof to the contrary. John and Whitfield Craig were present at the negotiation, and Whitfield surveyed the land and afterwards drew the con *288 veyance bond, and then he and John counted and divided the first instalment, and have failed to show any debt against their father, which entitled them to the money. To the contract they showed great countenance, and exhibited appearances of satisfaction, and never hinted that they held in their pockets a prior bond from their father, operating as a mortgage on the same estate. Besides, it appears that they, since Sidwell's conveyance, received an order from their father on the holder of Evans’ title, to make them a conveyance, and that in pursuance of that order their conveyance was made. It is true, they have since paid up the money for which they were bound as security for their father; but it is proved by their own witness, Chiles, that it was agreed between Lewis Craig and his securities, that all the money for which the land was sold should be appropriated to discharge the securities, until the demand was extinguished. As the sale to Sidwell was a small part of the whole tract, made in the presence, and with the countenance of John and Whitfield Craig, two of the sureties, and they had the handling of at least some of the money, the presumption is strong, that this sale was intended for that purpose. It is, however, evident that they yielded at least this part to be disposed of by their father, relying on the residue of the tract as a sufficient indemnity.
But a more strong ground in favor of relief against them may be taken. Although the holders of legal estates may lie by, and silently permit a purchaser to be deceived, by expending his money in a purchase, and afterwards assert their claims with success, yet the holder of a bare equity scarcely ever can. There is something so repugnant to correct moral feeling, in suffering a purchaser thus to expend his money in silence, that equity will generally refuse any aid to such a tacit deception. But when such conduct is coupled with the circumstance of an active agency in the sale by the holder of an equity, as appears in the present case, it amounts to a fraud which ought to be relieved against in a court of equity. The court below, therefore, did right in adjudging the appellee entitled to relief in the present instance.
But one circumstance apparent in the cause, and not yet detailed, creates some difficulty in the kind of relief which ought to be given. The defendants below, *289 John and Whitfield Craig, allege in their answer, that after they had received their conveyance of Evans’ claim, they had conveyed to Benjamin P. Thomas a part of the land claimed by the appellee, and exhibit a conveyance to that effects. This conveyance is dated on the 26th of November 1816, and is attested by three witnesses. The subpoena in this cause is dated on the 7th of December in the same year, and was executed on John and Whitfield Craig on the 8th of January 1817. On the 18th of July 1817, this deed was acknowledged by the grantors, in the clerk’s office, and recorded; and on examination of its boundaries, it appears that it certainly covers part of the land decreed by the court to be conveyed to Sidwell, by the same grantors. The defendants below, on suggesting this fact, pray that Thomas may be made a party; but the complainant below has not brought him before the court. Some doubts were at first entertained, whether, from the circumstance of this deed being re-acknowledged after suit brought, it might not be antedated, so as to make Thomas, in appearance, a prior purchaser, instead of a purchaser pendente lite, and subject to the consequences of the suit; but two of the subscribing witnesses, sworn in the cause, in some measure corroborate the date of the deed, and go far to make Thomas a purchaser before suit brought; so that no decree can affect him, if he be an innocent prior purchaser. But the appellants themselves have created this difficulty, by conveying away the title, when they were equitably bound to convey it to the appellee, and then they require the appellee to pursue it, where it is placed. It cannot, therefore, lie in their mouths to ask relief on this ground.
The court below has properly decreed that they shall convey to the complainants by deed with warranty against themselves “ and all claiming under them.” If, therefore, Thomas should be a prior purchaser for a valuable consideration, without notice, and should hereafter succeed on his deed, the appellants may be subjected to serious consequences on their warranty, as Thomas claims under them. To this the court will leave them, as the appellee does not appear to be dissatisfied with the decree, and may prefer such warranty to the risk of Thomas’ title; and we conceive that if this objection to the relief granted by the court below, *290 be tenable at all, it is only good in the mouth of the appellee, and not that of the appellants.
We, therefore, conceive there is no error in the decree of the court below, of which the appellants have any right to complain, and it must, therefore, be affirmed with costs.